CHIEF JUSTICE GRAY
specially concurring.
¶40 I agree entirely with the Court’s analysis and opinion on the dispositive issue in this case, and join the Court in overruling Chastain and dismissing the ineffective assistance of counsel claim on direct appeal. I also agree entirely with the Court’s decision not to address the second issue, which is whether the District Court abused its discretion in denying Herrman’s motion for a mistrial based on the jury having seen him in shackles. Unlike the Court, however, I would end the opinion at that point.
¶41 Instead, having declined to address the mistrial issue, the Court then proceeds in ¶ 38 to “express alarm” and, in essence, establish a standard and procedure under which a criminal defendant properly could be brought into a courtroom in shackles. This language is dicta pure and simple, since the Court has already declined to address the issue substantively. Much of the practicing bench and bar, of course, will take this language as gospel. Others may desire to raise a similar issue, and argue a different outcome, in a future case in which the Court would actually discuss and analyze the issue; they will inevitably feel somewhat constrained not to do so, given the Court’s inclusion of ¶ 38 in its opinion here.
¶42 The problem with dicta is that it traps everyone. It isn’t really the law, but does the Court mean for it to be followed? If the non-law isn’t followed by a district court, will this Court reverse? If there is existing authority to the contrary, may a prosecutor raise and argue it in a future case without incurring this Court’s displeasure?
¶43 I would wait for this matter to be raised and briefed in a precedential case in which the Court analyzes and resolves the issue. There being sufficient lack of clarity in the law at the best of times, I would avoid adding more lack of clarity gratuitously.